UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANTUAN L. BURRESS,<br>Plaintiff, | Case No. 1:14-cv-390<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| HAMILTON COUNTY CRIMINAL<br>INVESTIGATIONS SECTION UNIT, et al.,<br>Defendants. | **REPORT AND**<br>**RECOMMENDATION** |

Plaintiff Antuan L. Burress, a resident of Cincinnati, Ohio, brings this action under 42 U.S.C. § 1983 alleging a violation of his constitutional rights. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th

Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide

2

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se complaint alleges that on April 7, 2001, his daughter Cariyan Stovall and her brother Iyan Stovall were victims of filicide by their mother. Plaintiff alleges that he was not properly notified of his victim compensation rights under Ohio law by the defendants, the Hamilton County Criminal Investigations Section Unit, Detectives James Engelhardt, James Zieverink, and Anthony Carter, and Sheriff Simon L. Leis, Jr. The complaint alleges that the investigating officers did not follow proper procedure to provide him with a copy of the "Your rights and responsibilities as crime victim" booklet distributed by the Attorney General of the State of Ohio. Plaintiff alleges the defendants "violated federal laws by manipulating due process rights of parent/victim and denied assistance to father without any legal process or documentation informing of a denial."

The complaint also alleges that plaintiff filed suit against the City of Cincinnati police department in small claims court in May 2011 for violations of his civil liberties and seeking compensation as a victim of crime under Ohio law, but that his case was dismissed in September 2011. Plaintiff also applied for compensation under the Ohio Victims of Crime Compensation program seeking compensation for lost wages, funeral expenses, pain and suffering, counseling and other expenses. His August 30, 2011 application was denied by the Ohio Attorney General by letter dated December 16, 2011. Plaintiff alleges that as the biological father of Cariyan and

3

Iyan, he has never abrogated his parental responsibilities nor consented to have his parental rights annulled. Plaintiff seeks monetary and injunctive relief.

Plaintiff's complaint against the defendants is barred by the two-year statute of limitations applicable to civil rights actions. The complaint is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See, e.g., Browning v. Pendleton,* 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305. 10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace v. Kato,* 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"); *Zundel v. Holder,* 687 F.3d 271, 281 (6th Cir. 2012) (stating that the "settled practice . . . to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so" is applicable "to § 1983 actions and to *Bivens* actions because neither the Federal Constitution nor the § 1983 statute provides timeliness rules governing implied damages"). Although the statute-of-limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed at the screening stage for failure to state a claim upon which relief may be granted. *See Jones v. Bock,* 549 U.S. 199, 215 (2007). *See also Watson v. Wayne County,* 90 F. App'x 814, 815 (6th Cir. 2004) ("If a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue sua sponte."). *Cf. Fraley v. Ohio Gallia Cnty.,* No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. §

1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace,* 547 U.S. at 388 (emphasis in original). Under federal law, a cause of action accrues for statute of limitations purposes "when plaintiff[ ] knew or should have known of the injury which forms the basis of [his] claims." *Ruff v. Runyon,* 258 F.3d 498, 500 (6th Cir. 2001). The "inquiry focuses on the harm incurred, rather than the plaintiff's knowledge of the underlying facts which gave rise to the harm." *Id.* at 501 (quoting *Friedman v. Estate of Presser,* 929 F.2d 1151, 1159 (6th Cir.1991)). The statute of limitations commences to run when the plaintiff knows or, in the exercise of due diligence, has reason to know of the injury which is the basis for his cause of action. *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir. 1984); *see also Ruff,* 258 F.3d at 501.

In this case, plaintiff's causes of action accrued in April 2001, when his children became victims of filicide, and expired two years later in April 2003. The complaint, which was not filed until May 13, 2014, more than ten years later, is therefore untimely. In any event, plaintiff had actual notice of his causes of action by at least May 2011, when he filed suit against the City of Cincinnati police department based on its failure to notify plaintiff of his victim rights, *see Burress v. Cincinnati Police Department,* No. 11CV09709 (Hamilton County Municipal Court)[1], or by August 30, 2011, when plaintiff filed an Ohio Victims of Crime Compensation application with the Ohio Attorney General. In either event, his complaint was filed after the two-year statute of limitations expired.

---

[1] "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank,* 417 F.2d 75, 82-83 (6th Cir. 1969). *See also National Union Fire Ins. Co. v. VP Bldgs., Inc.,* 606 F.3d 835, 839 n.2 (6th Cir. 2010); *Lyons v. Stovall,* 188 F.3d 327, 333 n.3 (6th Cir. 1999).

5

Accordingly, plaintiff's complaint should be dismissed as barred by the applicable two-year statute of limitations.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 5/19/14

Karen L. Litkovitz, Magistrate Judge
United States District Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ANTUAN L. BURRESS,
    Plaintiff,

vs.

HAMILTON COUNTY CRIMINAL
INVESTIGATIONS SECTION UNIT, et al.,
    Defendants.

Case No. 1:14-cv-390
Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).