UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTUAN L. BURRESS,                      CASE NO.: 1:14-CV-390

       Plaintiff,                               Barrett, J.
                                                  Litkovitz, M.J.
    v.

HAMILTON COUNTY CRIMINAL
INVESTIGATIONS SECTION UNIT, et al.,

       Defendants.

**OPINION AND ORDER**

This matter is before the Court on the Report and Recommendation of the Magistrate Judge ("Report"). (Doc. 4). The Report recommends dismissing Plaintiff's Complaint (Doc. 3) with prejudice as barred by the two-year statute of limitations applicable to claims brought under 42 U.S.C. § 1983. Plaintiff has filed timely objections to the Report. (Doc. 8).

**I.**      **STANDARD OF REVIEW FOR OBJECTIONS**

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a party appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**II.     ANALYSIS**

In his objections, Plaintiff pastes numerous excerpts from a multitude of cases that address a wide array of issues, without any clear explanation as to how they relate to the Report. (Doc. 8, PageID 168-82). Although many of those excerpts plainly do not address the statute-of-limitations issue addressed in the Report, the Court nevertheless will liberally construe those excerpts as objections and will address them below. (Id., PageID 171, 176-79).

   **A.  First Objection**

From what the undersigned is able to discern, Plaintiff appears to argue that the Magistrate Judge erred in dismissing his Complaint sua sponte and appears to seek "prospective injunctive relief" to preclude such a sua sponte dismissal on the basis that the federal judiciary is not immune from such a claim. (Doc. 8, PageID 171-72, 177-78).

Putting aside the fact that Plaintiff has not asserted any claim against any member of judiciary in his causes of action such that there is no need to consider judicial immunity, his argument fails for the more basic reason that the Court has the authority under 28 U.S.C. § 1915(e)(2) to dismiss an action sua sponte. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Accordingly, Plaintiff's objection is overruled.

   **B.  Second Objection**

To the extent Plaintiff intends to argue that his claims are viable because the parties against whom he seeks to bring this action are not immune from suit (Doc. 8, PageID 168, 171, 177-78), that argument is not well taken. Plaintiff fails to recognize that the Magistrate Judge did not reach the issue of immunity and instead determined only that the initial screening revealed that the action is barred by the statute of limitations. The statute of limitations serves as

a bar to the action regardless of whether the defendants are immune from suit. Accordingly, this objection is overruled.

    C. **Third Objection**

Plaintiff appears to argue that the Magistrate Judge erred in dismissing his Complaint because she failed to construe his allegations liberally, misapplied the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Neizke v. Williams*, 490 U.S. 319 (1989), and dismissed his claims as frivolous. (Doc. 8, PageID 168, 172-74 180-81).

Upon review, the undersigned does not find Plaintiff's arguments to be well taken. As an initial matter, the Magistrate Judge did not make any determination as to whether the factual allegations plausibly could satisfy the elements for the causes of action. Her recommendation instead was limited to the timeliness of the action. In considering whether Plaintiff timely filed the action, the Magistrate Judge fully and properly considered the relevant facts alleged by Plaintiff in the Complaint in relation to timeliness and also properly considered proceedings in other courts of record.[1] In construing the allegations and court records, she properly concluded that Plaintiff's action was time barred. Plaintiff has pointed to no specific allegations or other factual information that the Magistrate Judge failed to consider or erroneously construed.

Accordingly, Plaintiff's objection is overruled.

    D. **Fourth Objection**

Plaintiff relies on caselaw addressing the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997. (Doc. 8, PageID 176). The PLRA, however, is not

---

[1] As the Magistrate Judge correctly noted in the Report (Doc. 4, PageID 160), "'[f]ederal courts may take judicial notice of proceedings in other courts of record.'" *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)); *see also Nat'l Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839 n.2 (6th Cir. 2010); *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999).

applicable in this case. Any reliance on the PLRA or caselaw interpreting the exhaustion requirement of the PLRA is thus misplaced. Accordingly, this objection is overruled.

    E. **Fifth Objection**

Plaintiff appears to argue that the Magistrate Judge erred in determining the date on which his claim accrued. (Doc. 8, PageID 170, 177-78). In support, Plaintiff relies on *Ruff v. Runyon*, 258 F.3d 498 (6th Cir. 2001), and *Sevier v. Turner*, 742 F.2d 262 (6th Cir. 1984). (*Id.*).

The Report cites to both cases upon which Plaintiff relies in making general propositions regarding when a cause of action accrues for statute-of-limitations purposes. (Doc. 4, PageID 160). Specifically, the Report correctly sets forth the accrual standard as follows:

> "[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace* [*v. Kato*], 549 U.S. [384,] 388 [(2007)] (emphasis in original). Under federal law, a cause of action accrues for statute of limitations purposes "when plaintiff[ ] knew or should have known of the injury which forms the basis of [his] claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). The "inquiry focuses on the harm incurred, rather than the plaintiff's knowledge of the underlying facts which gave rise to the harm." *Id.* at 501 (quoting *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)). The statute of limitations commences to run when the plaintiff knows, or in the exercise of due diligence, has reason to know of the injury which is the basis for his cause of action. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984); *see also Ruff*, 258 F.3d at 501.

(Doc. 4, PageID 160).

It is not clear from Plaintiff's objections why he believes those general propositions were inaccurate or why those cases otherwise demonstrate that the Magistrate Judge erred. Construing Plaintiff's reference to *Ruff* broadly, Plaintiff may be arguing that the statute of limitations did not begin to run until charges were dismissed. (*See* Doc. 8, PageID 178). The *Ruff* analysis to which he cites, however, was premised upon the underlying principle set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), that an individual may not collaterally attack the validity of a pending sentence or conviction until he or she has received a favorable termination. *Ruff*, 258

F.3d at 501-02. Given that the *Heck* principle is not applicable here because Plaintiff's § 1983 causes of action are not premised on any issues that concern the validity of a pending conviction or sentence, Plaintiff's reliance on *Ruff* in this respect is misplaced.

Similarly, even construing Plaintiff's citation to *Sevier* broadly, the undersigned is unable to conclude that the Magistrate Judge erred. Indeed, the excerpts included by Plaintiff support the Magistrate Judge's conclusion. (*See* Doc. 8, PageID 179). Plaintiff has pointed to no allegations or other factual information that would alter that conclusion.

Accordingly, his objections based on the accrual date of his causes of action are overruled.

    **F. Sixth Objection**

Plaintiff appears to argue that the Magistrate Judge incorrectly applied the two-year personal injury statute of limitations to bar his claims brought pursuant to 42 U.S.C. § 1983. (Doc. 8, PageID 175-77, 181-82). He supports his arguments with several excerpts that purportedly set forth a different statute of limitations. (*Id.*). None of those excerpts, however, changes the correct determination of the Magistrate Judge.

Several of the excerpts relied upon by Plaintiff are from the United States Supreme Court's decision in *Owens v. Okure*, 488 U.S. 235 (1989). (Doc. 8, PageID 175-77). Based on *Owens*, Plaintiff appears to argue that the Magistrate Judge applied the wrong statute of limitations for his § 1983 causes of action. (*Id.*). The undersigned disagrees. In *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989), the Sixth Circuit specifically considered the decision in *Owens* in holding that "the appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code Ann. § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual." *Browning*,

869 F.2d at 992. That holding consistently has been reaffirmed. *See Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003); *Kuhnle Brothers, Inc. v. County of Geauga*, 103 F.3d 516, 519-20 (6th Cir. 1997); *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1106 (6th Cir. 1995); *see also Nadra v. Mbah*, 119 Ohio St. 3d 305 (2008), *cert. denied*, 555 U.S. 1185 (2009) (considering *Owens* and holding that Ohio Rev. Code 2305.10's two-year statute of limitations was applicable to claims brought under 42 U.S.C. § 1983).[2] Based on that two-year statute of limitations, the Magistrate Judge correctly determined that Plaintiff's § 1983 causes of action are time barred. As the Magistrate Judge correctly recognized, Plaintiff's causes of action accrued in April 2001 when his children became victims of filicide and expired two years later in April 2003. The Complaint in this action was not filed until May 13, 2014, more than ten years later, and therefore is untimely. Moreover, Plaintiff had actual notice at least by May 2011 when he filed his lawsuit against the City of Cincinnati police department based on its failure to notify Plaintiff of his victim rights, *Burress v. Cincinnati Police Department*, No. 11-cv-09709 (Hamilton Cty. Municipal Ct.) or by August 30, 2011 when he filed an Ohio Victims Compensation Application with the Ohio Attorney General (*see* Doc. 3-1, PageID 113). Accordingly, the undersigned agrees that this action is time barred.

Plaintiff also relies on an Ohio Supreme Court opinion relating to a twelve-year statute of limitations for a victim of childhood sexual abuse to bring a lawsuit. (Doc. 8, PageID 181) (citing *Pratte v. Stewart*, No. 08-CA-95, 2009-Ohio-1768, 2009 Ohio App. LEXIS 1497 (2d Dist. Apr. 10, 2009), *aff'd* 125 Ohio St. 3d 473 (2010)). To the extent Plaintiff intends to argue that the statute of limitations for claims brought by victims of childhood sexual abuse is

---

[2] Plaintiff appears to make the same argument later in his objections, citing to a First Circuit case that indicates that federal courts must borrow the statute of limitations applicable to personal injury actions under the law of the forum state when adjudicating civil rights claims. (Doc. 8, PageID 181). The above analysis is equally applicable to that objection.

applicable here, the undersigned disagrees. Not only has Plaintiff not brought claims as a victim of childhood sexual abuse, but also, as discussed previously, the two-year statute of limitations in Ohio Rev. Code § 2305.10 is applicable to his claims brought pursuant to 42 U.S.C. § 1983.

Finally, Plaintiff relies on excerpts from or relating to the application for compensation under the Ohio Victims of Crime Compensation Program. (Doc. 8, PageID 181-82). To the extent that Plaintiff relies on those excerpts to suggest a statute of limitations other than the two-year statute of limitations set forth in Ohio Rev. Code § 2305.10, the undersigned does not find that argument to be well taken. Regardless of the deadline for submitting an application for compensation under that program, any claims under 42 U.S.C. § 1983 must be brought within the two-year statute of limitations set forth in Ohio Rev. Code § 2305.10. As the Magistrate Judge correctly determined that Plaintiff did not bring his § 1983 action before that two-year statute of limitations expired, his § 1983 causes of action are barred.

Accordingly, the objections based upon the statute of limitations are overruled.

G. **Seventh Objection**

To the extent Plaintiff's intent in copying excerpts from or relating to an application for compensation under the Ohio Victims of Crime Compensation Program was to argue the underlying merits of his causes of action, that argument is not well taken. As explained previously, the Magistrate Judge's conclusion rests upon the statute of limitations rather than the underlying merits of the causes of action. Accordingly, his objection fails to demonstrate any error in the Report and is thus overruled.

H. **Eighth Objection**

Plaintiff appears to argue that the Magistrate Judge did not act fairly or impartially in making her recommendation in the Report. (Doc. 8, PageID 170). Given the above conclusions,

the undersigned is not persuaded by Plaintiff's argument. The Magistrate Judge correctly and fairly applied the law in this matter. This objection is therefore overruled.

### III. CONCLUSION

Consistent with the foregoing, Plaintiff's objections (Doc. 8) are **OVERRULED** and the Report (Doc. 4) is **ADOPTED**. Plaintiff's Complaint is hereby **DISMISSED** with prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons and the reasons set forth in the Report, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore denies Plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

s/Michael R. Barrett
JUDGE MICHAEL R. BARRETT
UNITED STATES DISTRICT COURT